AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br>Domain Name beginmodeling.com | )<br>)<br>) Case No. 25-mj-05154<br>)<br>) |

### APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the ___Southern___ District of ___California___ is subject to forfeiture to the United States of America under ___18___ U.S.C. § ___1594, 2253___ *(describe the property)*:

The Domain Name beginmodeling.com

The application is based on these facts:

See attached affidavit which is incorporated by reference.

☑ Continued on the attached sheet.

*Applicant's signature*

Ashley Townsend, Special Agent, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ___telephone___ *(specify reliable electronic means)*.

Date: September 19, 2025

*Judge's signature*

City and state: San Diego, Californa

Hon. Michael S. Berg, U.S. Magistrate Judge
*Printed name and title*

## INTRODUCTION

I, Ashley V. Townsend, being duly sworn, declare and state:

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been so employed since November 2014. I am currently assigned to the San Diego Field Office Human Trafficking/Violent Crimes Against Children Squad, where I investigate crimes involving human trafficking, child exploitation and the receipt, possession, production, distribution, advertisement, and transmission of child pornography, in addition to other criminal violations. I have received training and gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, computer crimes, computer evidence identification, child pornography identification, computer evidence seizure and processing, and various other criminal laws and procedures.

2. The facts set forth in this affidavit are based on my personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other domestic and foreign law enforcement officers; my review of documents and computer records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the seizure and forfeiture of domain name beginmodeling.com ("**Subject Domain Name**"), it does not set forth each and every fact that I or others have learned during the course of this investigation.

## PURPOSE OF AFFIDAVIT

3. This affidavit is made in support of the Government's application for a criminal seizure warrant pursuant to Title 21, United States Code, Section 853(f), and Title 28, United States Code, Section 2461, and Title 18, United States Code, Section 2253(b), and for a civil seizure warrant pursuant to Title 18, United States Code, Section

1  981(b), and Title 18, United States Code, Section 1594(e)(2) and 2254, for a warrant to
2  seize the following **Subject Domain Name**:

3      beginmodeling.com, registered with Dynadot Inc., 205 East 3rd Avenue, Suite
4      314, San Mateo, California 94401

5      4.    As set forth below, I respectfully submit there is probable cause to believe
6  that the **Subject Domain Name** (which the Government sought to forfeit as a specific
7  asset in its superseding indictment (*United States v. Pratt et al.*, 19-CR-4488-JLS, ECF
8  Dkt. 276 at 13)) is subject to seizure and criminal forfeiture pursuant to Title 18, United
9  States Code, Section 1594(d) and (e), and civil forfeiture pursuant to Title 18, United
10 States Code, Section 1594(e)(1)(A), as personal property involved in, used or intended
11 to be used to commit or to facilitate the commission of the offense of sex trafficking by
12 force, fraud, or coercion, and conspiracy to commit sex trafficking by force, fraud, or
13 coercion, in violation of Title 18, United States Code, Section 1591(a)(1) and (a)(2) and
14 Section 1594(c), the production of child pornography in violation of Title 18, United
15 States Code, Section 2251(a) and (e) and sex trafficking of a minor by force, fraud and
16 coercion in violation of Title 18, United States Code, Section 1591(a)(1), (a)(2) and (c).
17 I further submit there is probable cause to believe that the **Subject Domain Name** is
18 also subject to seizure and criminal pursuant to Title 18, United States Code, Section
19 2253(a)(3), and civil forfeiture pursuant to Title 18, United States Code, Section 2254,
20 as personal property used or intended to be used, or any property traceable to such
21 property, used to commit or to promote the commission of the offense of production of
22 child pornography in violation of Title, United States Code, Section 2251(a) and (e).

23     5.    The procedure by which the Government will seize the Subject Domain
24 Name is described in Attachment A hereto.

25     6.    I submit that a neither a restraining order nor an injunction under Title 21,
26 United States Code, Section 853(e) is sufficient to guarantee the available of the
27 **Subject Domain Name** for forfeiture. By seizing the **Subject Domain Name** and
28 redirecting them to another website, the Government will prevent third parties from

acquiring the name and using it to commit additional crimes. Further, seizure of the **Subject Domain Name** will prevent third parties from continuing to access the websites affiliated with the **Subject Domain Name**.

## TECHNICAL BACKGROUND

7. Based on my training and experience, I know the following:

   a. <u>Internet Protocol Address</u>: An Internet Protocol address (IP address) is a unique numeric address used by computers on the Internet. An IP Address is a series of four numbers, each in the range 0-255, separated by periods (*e.g.*, 121.56.97.178). Every computer attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. An IP address acts much like a home or business street address—it enables computers connected to the Internet to properly route traffic to each other. The assignment of IP addresses to computers connected to the Internet is controlled by ISPs.

   b. <u>Domain Name</u>: A domain name is a simple, easy-to-remember way for humans to identify computers on the Internet, using a series of characters (*e.g.*, letters, numbers, or other characters) that correspond with a particular IP address. For example, "usdoj.gov" and "espn.com" are domain names.

   c. <u>Domain Name System</u>: The domain name system ("DNS") convention of communication over the Internet directs that domain names are composed of one or more parts, or "labels," that are delimited by periods, such as "example.com." The hierarchy of domains descends from right to left; each label to the left specifies a subdivision, or subdomain, of the domain on the right. The right-most label conveys the "top-level" domain. For example, the domain name "example.com" means that the computer assigned that name is in the ".com" top-level domain, and "example" is in the second-level domain.

d. <u>Domain Name Servers</u>: DNS servers are computers connected to the Internet that convert domain names into Internet Protocol addresses (IP addresses).

e. <u>Registry:</u>  For each top-level domain, there is a single company, called a "registry," that determines which second-level domain converts to which IP address. For example, the registry for the ".com" top-level domain is VeriSign Worldwide Headquarters, 12061 Bluemont Way, Reston, Virginia 20190.

f. <u>Registrar:</u>  Domain names may be purchased through a "registrar," which acts as the intermediary between the registry and the purchasers of the domain name "registrant" (defined below). "GoDaddy" is a well-known example of a registrar, although there are hundreds of registrars on the Internet. Registrars typically maintain customer and billing information about the registrants who used their domain name registration services.

g. <u>Registrant</u>: The individual or business that purchases, or registers, a domain name is called a "registrant." Registrants control the IP address, and thus the computer, to which their domain name converts. Thus, a registrant may easily move a domain name to another computer anywhere in the world simply by changing the IP address at the registry.

**PROBABLE CAUSE FOR FOREITURE OF SUBJECT DOMAIN NAMES INDICTMENT**

8. On February 10, 2022, in connection with this investigation, a grand jury in the Southern District of California returned a nineteen-count superseding indictment in criminal case number (19-cr-4488-JLS), charging defendants with conspiracy to commit sex trafficking by force, fraud, and coercion, in violation of Title 18, United States Code, Section 1594(c), sex trafficking by force, fraud and coercion, in violation of Title 18, United States Code, Sections 1591(a) (1) and 1591(a)(2); production of child pornography in violation of Title 18, United States Code, Sections 2251(a) and

1 | (e); and sex trafficking of a minor by force, fraud, and coercion, in violation of Title 18,
2 | United States Code, Sections, 1591(a)(1), (a)(2) and (c).

3 |     9.    The Indictment includes a forfeiture allegation providing notice that the United States is seeking forfeiture of, including but not limited to, the specific asset beginmodeling.com (**Subject Domain Name**) subject to forfeiture pursuant to Title 18, United States Code, Sections 1594(d) and (e), as (1) any property, real or personal, used or intended to be used to commit or to facilitate the commission of the offense; and as (2) any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and subject to forfeiture pursuant to Title 18, United States Code, Sections 2253(a)(2) and (3), as (1) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and as (2) any property, real or personal, used or intended to be used to commit or to promote the commission of the offense or any property traceable to such property.

    10.    On September 12, 2025, this Court issued a seizure order for the beginmodeling domain name. *See* 25-mj-04996-MSB. When the FBI served the warrant on TurnCommerce, Inc. --the entity which was the registrar of record for the domain name through September 4, 2025—a representative of TurnCommerce, Inc. informed the FBI that the registrar of record for the beginmodeling domain name was now Dynadot Inc. This warrant renews the Government's efforts to seize this domain name.

## EVIDENCE SUPPORTING PROBABLE CAUSE

    11.    Beginning on an unknown date, but no later than approximately 2012, and continuing through October 9, 2019, defendants participated in a conspiracy to recruit young adult women to engage in commercial sex acts by fraud and coercion. Via the internet, including over **Subject Domain Name** beginmodeling.com, members of the conspiracy recruited young women from around the country who were interested in modeling. Once the young women responded to online ads posted by the conspiracy, conspirators would often advise the women that the jobs were in fact for pornographic videos, not modeling gigs, and participants, or "models," would receive approximately

1  $3,000 to $5,000 for a one-day video shoot. When presented with this revised offer, many of the women initially refused, often for fear that the videos would be published on the internet and damage their personal, educational and/or professional lives in various ways.

12. To convince women to appear in the adult videos, members of the conspiracy assured the women that the videos would not be posted on the internet and would only be distributed outside the United States on DVD or to supposed private collectors overseas. Members of the conspiracy assured the women that their friends and families would never learn that the women had appeared in the videos. To help convince them, Pratt paid other young women, including Moser, to act as references or provide false assurances to the women that, if they filmed a video, the video would not be posted online.

13. If a woman agreed to make a video, members of the conspiracy paid to fly the woman to San Diego. Moser's duties included driving these women to and from the airport and San Diego-area hotels. Garcia met with the women at the hotel along with a videographer. Wolfe initially served as the conspiracy's videographer, before Gyi took on that role. When questioned in-person, Garcia, Moser, Wolfe, and Gyi falsely assured the women their videos would not be posted on the internet. Garcia, whose job duties included having sex with the women on camera, frequently offered the young women marijuana or alcohol in the hotel room before presenting them with a document that he and the videographer refused to let the young women keep. After presenting the women with the document, the conspirators present in the room rushed the women to sign and/or falsely paraphrased the contents.

14. Prior to shooting the videos, at least some of the women signed a "Model/Talent Release," which stated that the producer of the video, identified as various companies to include Clockwork Productions Inc. on behalf of BLL Media Inc. and/or BLL Media Inc., could use and/or publish the video for any purposes whatsoever.

The release did not reference internet publication and there was no reference to seized domain names girlsdoporn.com, girlsdotoys.com, or any other pornography website.

15. Members of the conspiracy paid the women for filming, but often less than initially promised. After filming the videos, the women typically were flown home.

16. Typically, within a few months of filming, members of the conspiracy posted the videos online to websites such as seized domain names girlsdoporn.com and/or girlsdotoys.com. These two websites offered a fee subscription service. The videos were also posted on other sites, such as the free site pornhub.com, to drive interest in and web traffic to the fee-based sites, seized domain names girlsdoporn.com and girlsdotoys.com. According to financial records, the websites generated more than $17 million in revenue. The FBI identified over 570 women who were recruited to film videos for seized domain names girlsdoporn.com and girlsdotoys.com.

17. As part of civil litigation against girlsdoporn, Pratt, Wolfe and Garcia, Wolfe testified as a representative for the company under oath at a deposition. During the deposition, he testified that:

    a. Wolfe, Garcia, And Pratt worked for a company, BLL Media (which Pratt controlled), that used Craigslist and the website **Subject Domain Name** beginmodeling.com to recruit women.

    b. Garcia and Pratt communicated with "prospective models" who responded to ads places on Craigslist. Garcia often used the alias "Jonathan" and the email address jobs@beginmodeling.com , linked to the **Subject Domain Name** beginmodeling.com.

    c. Adult videos of the women appeared on seized domain nameGirsDoPorn.com.

18. All five defendants have pled guilty to sex trafficking offenses or conspiracy to sex traffic for their roles in girlsdoporn and girlsdotoys.

    Michael Pratt    Sentenced to 27 years on September 8, 2025

    Matthew Wolfe    Sentenced to 14 years on March 20, 2024

| | | |
|---|---|---|
| Ruben Garcia | Sentenced to 20 years on June 4, 2021 |
| Theodore Gyi | Sentenced to 4 years on November 9, 2022 |
| Valorie Moser | To be sentenced on December 12, 2025 |

## SUBJECT DOMAIN NAME

### I. beginmodeling.com

19. A search of publicly available domaintools.com registration records on November 1, 2019, revealed that the **Subject Domain Name** beginmodeling.com was registered on or about June 1, 2005 through the registrar of record GoDaddy.com, LLC.

20. A search of publicly available registration records on September 4, 2025, revealed the registrar of record for **Subject Domain Name** beginmodeling.com was TurnCommerce, Inc. DBA NameBright.com.

21. On September 17, 2025, TurnCommerce, Inc. DBA NameBright.com informed the Federal Bureau of Investigation **Subject Domain Name** was transferred to Dynadot Inc. on September 11, 2025.

22. A search of publicly available registration records on September 19, 2025, revealed the registrar of record for **Subject Domain Name** beginmodeling.com is now Dynadot Inc, business address 205 East 3rd Avenue, Suite 314, San Mateo, California 94401.

## SEIZURE PROCEDURE

23. The seizure warrant will be presented in person or transmitted via email to the top-level domain name registries listed in Section II of Attachment A, as well to the domain name registrars of record listed in Section III, which will be directed to take the following actions relating to the Subject Domain Names.

24. As set forth in Attachment A, upon execution of the seizure warrant, the registry for the ".com" respective top-level domain, Verisign, Inc. shall be directed to restrain and lock the **Subject Domain Name** pending transfer of all right, title, and interest in the **Subject Domain Name** to the United States upon completion of the

forfeiture proceedings, to ensure that changes to the **Subject Domain Name** cannot be made absent court order, or, if forfeited to the United States, without prior consultation with the FBI.

25. The domain registry listed in Section II shall take any steps required to propagate these changes to any applicable DNS servers.

26. As set forth in Attachment A, upon execution of the seizure warrant, the respective domain name registrars shall modify any record, database, table, or document that is used by the respective registrar to identify the owner of the **Subject Domain Name** to reflect the seizure of the **Subject Domain Name**. The charges relate to the following records, if they exist:

    a. The "Technical Contact" and "Administrative Contact" fields will reflect the following information:
        i. Name: Federal Bureau of Investigation
        ii. Address: 935 Pennsylvania Ave. Washington, DC 20535
        iii. Country: USA
        iv. Telephone: 858-320-1800

    b. Any remaining fields will be changed, so they do not reflect identifying information for any individual or entity.

27. Upon completion of forfeiture proceedings, the **Subject Domain Name** maintained by the respective top level domain registry will be changed to reflect the transfer of ownership to the United States.

## CONCLUSION

28. Based on the foregoing, I respectfully submit that there is probable cause to believe that the **Subject Domain Name** --which the Government sought to forfeit as specific assets in its superseding indictment (*United States v. Pratt et al.*, 19-CR-4488-JLS, ECF Dkt. 276 at 13)-- is subject to criminal forfeiture under Title 18, United States Code, Sections 1594(d) and (e), as personal property used or intended to be used to commit or to facilitate violations of Title 18, United States Code, Section 1591 (Sex Trafficking by Force, Fraud and Coercion) and Title 18, United States Code, Section

1594 (Conspiracy to Commit Sex Trafficking by Force, Fraud and Coercion), Title 18, United States Code Section 1591 (Sex Trafficking of Minor by Force, Fraud and Coercion) and subject to civil forfeiture under Title 18, United States Code, Section 1594(e)(1)(A) for violations of the same; and subject to criminal forfeiture under Title 18, United States Code, Sections 2253(a)(3) for violation of Title 18, United States Code, Sections 2251(a) and (e) (Production of Child Pornography), and subject to civil forfeiture under Title 18, United States Code, Section 2254 for violations committed by defendants in 19-cr-4488-JLS.

Accordingly, it is requested that a seizure warrant be issued for the **Subject Domain Name**.

Ashley V. Townsend
Special Agent
Federal Bureau of Investigation

Sworn to me and subscribed in my presence this 19th day of September 2025.

Hon. Michael S. Berg
U.S. Magistrate Judge

# ATTACHMENT A

Seizure Procedure

1. The seizure warrant will be presented in person or transmitted via facsimile or email to personnel of the top-level domain registry listed in Section II and the domain registrars listed in Section III, which will be directed to take the following actions related to the Subject Domain Names.

2. The top-level domain registry for the respective top-level domains shall be directed to restrain and lock the relevant Subject Domain Names, pending transfer of all right, title, and interest in the Subject Domain Names to the United States upon completion of the forfeiture proceedings, and to ensure that changes to the Subject Domain Names, cannot be made absent court order, or, if forfeited to the United States, without prior consultation with the FBI. The domain registry listed in Section II shall take any steps required to propagate these changes to any applicable DNS servers.

3. The respective domain name registrars shall modify any record, database, table, or document that are used by the respective registrars to identify the owner of the Subject Domain Names to reflect the seizure of the Subject Domain Names. The changes relate to the following records, if they exist:

    a. The "Technical Contact" and "Administrative Contact" fields will reflect the following information:
        i. Name: Federal Bureau of Investigation
        ii. Address: 935 Pennsylvania Ave., Washington, DC 20535
        iii. Country: USA
        iv. Telephone: 858-320-1800

    b. Any remaining fields will be changed so they do not reflect identifying information for any individual or entity.

4. Upon completion of forfeiture proceedings, all Subject Domain Names maintained by the domain name registries listed in Section II will be changed to reflect the transfer of ownership to the United States.

| | | |
|---|---|---|
| II. | | Subject Registry |
| | | Verisign, Inc. (.com) |
| | | 2061 Bluemont Way |
| | | Reston, Virginia 20190 |
| III. | | Subject Registrar of Record |
| | | Dynadot Inc. |
| | | 205 East 3rd Avenue, Suite 314 |
| | | San Mateo, California, 94401. |
| IV. | | Subject Domain Name |
| | | beginmodeling.com |